---

PEOPLE ex rel. NEW YORK MAIL & NEWSPAPER TRANSP. CO. v.
CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

TAXATION (§ 496*)—ASSESSMENT—OBJECTIONS—COSTS.

Under Tax Law (Consol. Laws 1909, c. 60) § 294, providing that if certiorari be quashed or the assessment be confirmed, or the assessment be reduced by an amount less than half the reduction claimed, costs shall be awarded against the petitioner, a corporation, objecting to an assessment on its franchise in the amount of $110,000, and claiming that it should be assessed at only a nominal amount, is entitled to costs where the State Board of Tax Commissioners only reduced the amount to $90,-000, and upon certiorari it was subsequently reduced to $47,000.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

Appeal from Special Term, New York County.

Certiorari by the People, on the relation of the New York Mail & Newspaper Transportation Company, against the City of New York, for a reduction of a franchise tax. From an order denying the relator costs and disbursements, it appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Arthur O. Townsend, of New York City, for appellant.
Curtis A. Peters, of New York City, for respondent.

McLAUGHLIN, J. In the year 1907 the State Board of Tax Commissioners placed a valuation of $110,000 upon the special franchise of the relator in the boroughs of Manhattan and Brooklyn. At the time fixed for the hearing of complaints the relator appeared before the board and filed a written application to have this valuation canceled altogether, or else reduced to a nominal sum, and the board thereupon reduced it to $90,000. Thereafter the board filed with the

department of taxes and assessments in the city of New York a statement that such was the valuation as finally fixed and determined by it. This sum was thereupon entered upon the assessment rolls of the city of New York for that year as the basis for the tax to be imposed. The relator then applied to, and obtained from, the Supreme Court a writ of certiorari to review the assessment as entered upon the assessment rolls. A return to the writ was filed by the Board of Tax Commissioners, and the issues thus raised by the petition and return were sent to a referee to take evidence and make a report to the court. He reported that the assessment should be reduced from $90,000 to $47,513.66. His report was subsequently confirmed, and then arose the question as to costs; both parties claiming to be entitled thereto. The court at Special Term held that the respondent was entitled to costs, and from that order the relator appeals.

The question presented by the appeal turns upon the construction to be put upon section 294 of the Tax Law (Consol. Laws 1909, c. 60). So much of this section as is pertinent to the question presented reads as follows:

"If the writ shall be quashed or the assessment confirmed, or if the assessment complained of shall be reduced by an amount less than half the reduction claimed before the assessing officers, costs and disbursements shall be awarded against the petitioner. If the assessment shall be reduced by an amount greater than half the reduction claimed before the assessing officers, costs and disbursements shall be awarded against the tax district represented by the officers whose proceedings may be reviewed."

When the relator appeared before the State Board of Tax Commissioners, its franchise had been valued, for the purpose of taxation, at $110,000. It then claimed this was erroneous, and should be entirely canceled, or else reduced to a nominal amount. It was only reduced to $90,000, but by the writ which it obtained the assessment was reduced to $47,513.66, "an amount greater than half the reduction claimed before the assessing officers." Having obtained a reduction of more than one-half that claimed before the assessing officers, it became, by express provision of the statute quoted, entitled to costs and disbursements.

The order, in so far as appealed from, is reversed, with $10 costs and disbursements, and an order directed to be entered granting the relator the costs and disbursements taxable under section 294 of the Tax Law. All concur.

<hr />